IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TELICIA BENSON,

        Plaintiff,                    No. 2:08-cv-0886-LKK-JFM

        vs.

CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION,
DEBBIE ROLLINS, JEFF
NICOLAYSEN, MARY BURTON,

        Defendants                FINDINGS AND RECOMMENDATIONS

        Defendants' motion to dismiss came on regularly for hearing December 18, 2008. Plaintiff appeared in propria person. James W. Henderson, Jr. appeared for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and defendants' counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for

1


failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

A plaintiff first must exhaust administrative remedies before bringing a Title VII claim in federal court. Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001)(citing 42 U.S.C. § 2000e-16(c)). The scope of a Title VII action depends on the scope of the EEOC charge. Id. at 708. A federal court therefore may not consider allegations outside the EEOC charge. See Freeman v. Oakland Unified School Dist., 291 F.3d 632, 636 (9th Cir. 2002).

Claims for retaliation brought pursuant to Title V of the Americans with Disabilities Act also require exhaustion of administrative remedies prior to bringing suit in federal court. 42 U.S.C. §§ 12203(c) and 12117.

Here, plaintiff failed to first exhaust her administrative remedies required for her Title VII and Title V claims. The EEOC complaint is devoid of reference to race, color or national origin discrimination; plaintiff marked the disability box and alleged she requested reasonable accommodation because of her disability (stress), stated she was fired because they could not reasonably accommodate her doctor's restrictions, and alleged her employer failed to engage in the interactive process. (Sanders Decl., Ex. A.) Indeed, plaintiff concedes she did not include any language suggesting racial discrimination was the basis of her claim. (Opp'n. at 1.) Similarly, the EEOC complaint makes no reference to retaliation. Because plaintiff was terminated prior to the filing of her EEOC complaint, plaintiff cannot now claim she was fired in retaliation for bringing the EEOC complaint. Because plaintiff has failed to exhaust her Title V and Title VII claims, they must be dismissed.

Plaintiff also presses Title I claims against nonemployer defendants. However, there is no individual liability based on violations of Title VII or Title I of the ADA. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 588 (9th Cir. 1993). Thus, plaintiff's Title I claims against the

nonemployer defendants Debbie Rollins, Jeff Nicolaysen and Mary Burton must also be dismissed for failure to state a claim. Plaintiff may proceed against her employer, the CCPOA, with her Title I claims only.

Finally, plaintiff alleges violations of the Equal Pay Act. Plaintiff failed to allege Equal Pay Act violations by any of the individual defendants. Thus, all of her claims under the Equal Pay Act should be dismissed, except for her claim against the employer, CCPOA, because plaintiff has failed to state a claim against the nonemployer defendants.

Plaintiff has offered no argument, evidence or case citations to refute defendants' motion. (Opp'n. at 1-2.) Rather, plaintiff confirmed her desire to pursue her complaint that she was wrongfully terminated while on workman's compensation and states, for the first time, that she was pregnant at the time. (Opp'n. at 1.) Defendants aver that this is the first reference plaintiff was even pregnant at the time of her termination. (Reply at 2.) Plaintiff is cautioned that if she alleges a violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e)(k) of Title VII of the Civil Rights Act, plaintiff is again required to first file her claim with the EEOC. Plaintiff has not provided proof of such exhaustion and may not include this claim in any amended complaint unless she has first exhausted those administrative remedies.

Good cause appearing, defendants' motion to dismiss will be granted in part. This court will recommend that plaintiff's complaint be dismissed, but that plaintiff be granted leave to file an amended complaint that addresses only the Title I claim exhausted with the EEOC; that is, that the CCPOA failed to accommodate plaintiff's disability (stress). The court will also recommend that plaintiff be allowed to include her claim that the CCPOA violated the Equal Pay Act. Plaintiff is cautioned that she should not add any other claims, such as her Title V or Title VII claims, as they are unexhausted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' November 17, 2008 motion to dismiss (#15) be partially granted;

/////

      2. Plaintiff's claim for relief pursuant to Title V of the American with Disabilities Act be dismissed as to all defendants because plaintiff failed to first exhaust her administrative remedies.

      3. Plaintiff's claim for relief pursuant to Title VII of the Civil Rights Act be dismissed as to all defendants because plaintiff failed to first exhaust her administrative remedies.

      4. Plaintiff's claim for relief pursuant to Title I of the Americans with Disabilities Act be dismissed as to defendants Debbie Rollins, Jeff Nicolaysen and Mary Burton because the complaint fails to state a claim for relief as to those defendants.

      5. Plaintiff's claim for relief for violation of the Equal Pay Act be dismissed as to defendants Debbie Rollins, Jeff Nicolaysen and Mary Burton because the complaint fails to state a claim for relief as to those defendants.

      6. Plaintiff be granted thirty days in which to file an amended complaint alleging that defendant CCPOA failed to accommodate plaintiff's disability (stress) in violation of Title I of the Americans with Disabilities Act, and that defendant CCPOA violated the Equal Pay Act.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; benson.mtd