IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TELICIA BENSON,

      Plaintiff,                                  No. 2:08-cv-0886 JFM PS

    vs.

CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION,

      Defendant.                                 ORDER

/

          Plaintiff, proceeding pro se, filed the above-entitled action. Plaintiff has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

          On June 12, 2009, plaintiff filed a document styled "Motion to Quash or Modify Subpoena." However, plaintiff did not notice the motion for hearing, pursuant to Local Rule 78-230(b), and plaintiff failed to provide a certificate of service stating that she served a copy of her motion on counsel for defendant as required by Fed. R. Civ. P. 5(d). Plaintiff has failed to state any grounds for quashing or modifying a subpoena as required by Fed. R. Civ. P. 45(c)(3).

          Despite these procedural errors, defendant filed an opposition on July 13, 2009.

          First, plaintiff is advised that both parties have made their initial discovery disclosures in compliance with this court's orders and Fed. R. Civ. P. 26. Thus, discovery may now take place until the discovery cut-off date, November 19, 2009.

          Second, defendant is correct that because plaintiff has put her medical conditions and mental health at issue in this case, defendant is entitled to obtain all relevant medical records,

1

including those related to plaintiff's mental and emotional state, as well as work-related medical records.  To the extent plaintiff is attempting to assert psychotherapist-patient privilege, plaintiff is informed that she has waived this privilege by alleging emotional distress and other psychological injuries.  Defendant has appropriately limited the time frame for each subpoena.

For the above reasons, plaintiff's motion will be denied without prejudice.  Defendant is entitled to immediately serve its subpoenas for plaintiff's medical records on Sacramento Occupational Medical Group, State Compensation Insurance Fund, Beverly Lehr, and Gordon Baumbacher, M.D., and Kaiser Permanente.

Finally, defendant seeks an extension of the discovery deadline in light of the delay occasioned by plaintiff's motion.  Good cause appearing the discovery deadline will be extended up to and including December 28, 2009.  All other dates set in this court's April 17, 2009 order shall remain the same.

IT IS HEREBY ORDERED that:

1. Plaintiff's June 12, 2009 motion to quash or modify subpoena is denied.

2. Defendant is entitled to immediately serve its subpoenas for plaintiff's medical records on Sacramento Occupational Medical Group, State Compensation Insurance Fund, Beverly Lehr, and Gordon Baumbacher, M.D., and Kaiser Permanente.

3. The discovery deadline of November 19, 2009, is extended up to and including December 28, 2009.  All other dates set in this court's April 17, 2009 order shall remain the same.

DATED: July 27, 2009.

UNITED STATES MAGISTRATE JUDGE

/001;benson.5d